UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC MIKE ABERGEL,

        Plaintiff,

-against-

MIDWEST RECOVERY SYSTEMS, LLC.,

        Defendant.

19-CV-6415 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Fair Debt Collection Practices Act (FDCPA). By order dated July 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action is one of approximately 43 actions that Plaintiff Isaac Abergel filed *in forma pauperis* within a 30-day period. *See Abergel v. N.Y. Lottery*, No. 19-CV-6088 (CM) (S.D.N.Y. Aug. 5, 2019) (barring Plaintiff from proceeding IFP without leave of court because of his abuse of the privilege)

Plaintiff invokes the Court's diversity jurisdiction and asserts that his claims arise under the FDCPA. He alleges "fake debt. It[']s all fraud and harassment." (Compl. at 6.) Plaintiff seeks an "instant out of court settlement" of $10 billion to be deposited in his account.

## DISCUSSION

The FDCPA applies to consumer debt "arising out of . . . transaction[s]" that "are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e.[1] For example, a "failure to identify the creditor can be unfair and deceptive to the least sophisticated consumer for purposes of" the FDCPA. *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013).

Here, Plaintiff does not plead any facts about the "fake debt." (Compl. at 6.) It is unclear if Plaintiff contends that the debt should be considered "fake" because the debt collector has not

---

[1] A debt collector is defined in § 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

identified the creditor, for example, or because he disputes the amount owed, or because someone else opened an account in his name. Because Plaintiff fails to plead any facts about what Defendant did or failed to do, his complaint fails to state a claim on which relief can be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear if Plaintiff can cure the defects in his complaint with an amendment, the Court grants Plaintiff leave to amend his complaint.[2]

If Plaintiff files an amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[2] Plaintiff has sued a limited liability company. If Plaintiff files an amended complaint and seeks to invoke the Court's diversity jurisdiction, he must plead facts about the citizenship of each of the members of the limited liability company. *See, e.g., Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) ("[T]he citizenship of a limited liability company depends upon the citizenship of its members").

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6415 (CM). The Clerk of Court is directed to attach a general Amended Complaint form to this order.

No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 30, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge